Filed 4/1/25  P. v. Martinez CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BRIAN MARTINEZ,<br><br>    Defendant and Appellant. | B328598<br><br>(Los Angeles County<br>Super. Ct. No. BA452909) |

APPEAL from an order of the Superior Court of Los Angeles County, Lisa B. Lench, Judge.  Affirmed.

Joanna McKim, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Heidi Salerno, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Brian Martinez appeals from the trial court's denial of his petition for resentencing under Penal Code section 1172.6[1] (former § 1170.95).[2]  Because defendant is ineligible for section 1172.6 relief as a matter of law, we affirm.

## BACKGROUND

I.    Indictment

In May 2017, a grand jury indicted defendant and five others on charges of premeditated and deliberated murder (§ 187; count 1) and attempted murder (§§ 664, 187; counts 2, 3, & 4).  Defendant was also charged with unlawful possession of a firearm by a felon.  (§ 29800, subd. (a)(1); count 20.)

As to the murder and attempted murder charges, the indictment alleged that one of defendant's confederates personally and intentionally fired a handgun causing death; for defendant and the remaining codefendants, the indictment only alleged that a principal shot the victim to death.  (§ 12022.53, subd. (d).)  Lastly, as relevant here, the indictment alleged that the murder and attempted murders were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)).

II.   Plea and Sentence

On February 27, 2020, the parties agreed to a negotiated disposition.  The information was amended to add one count for voluntary manslaughter (§ 192, subd. (a); count 22); defendant pled guilty to that charge and to unlawful possession of a firearm by a felon.  He also admitted to the gang enhancement allegation.

_____

[1]    All further references are to the Penal Code unless otherwise indicated.

[2]    Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)  For simplicity, we refer to the section by its new numbering.

The prosecution dismissed the murder and attempted murder charges.

Pursuant to the terms of defendant's plea deal, the trial court sentenced defendant to an aggregate prison term of 22 years eight months.

III.     Resentencing Petition

In March 2022, defendant filed a petition for resentencing under section 1172.6.  The prosecution filed a written opposition, arguing that defendant was ineligible for relief because he pled guilty to voluntary manslaughter after the enactment of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015, § 1). Defendant's appointed counsel filed a reply contending simply that defendant "ha[d] shown sufficient facts to proceed to a resentencing hearing."  The reply did not raise any counterarguments about the timing of defendant's plea.

On January 19, 2023, the matter proceeded to a prima facie hearing.  The trial court solicited argument on "the fact that . . . [defendant]'s plea was after the law changed[,]" specifically asking defendant's trial counsel if she "ha[d] any response to that particular issue."  Counsel replied that although she was "aware of that" issue, she "didn't address it because obviously [she] wasn't go[ing to] argue against" defendant.  She then submitted on the briefs.

The trial court denied defendant's petition, finding that he could not make a prima facie showing of eligibility for relief under section 1172.6.  This timely appeal followed.

**DISCUSSION**

I.     Standard of Review

We review de novo the trial court's denial of a section 1172.6 petition at the prima facie stage.  (*People v. Coley* (2022)

3

77 Cal.App.5th 539, 545.) To the extent that we are required to engage in statutory interpretation, we also review those issues de novo. (*A.S. v. Miller* (2019) 34 Cal.App.5th 284, 290.)

II.      Statutory Framework

Effective January 1, 2019, Senate Bill No. 1437 effectively abolished the natural and probable consequences doctrine in cases of murder and limited the application of the felony-murder doctrine. (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) With one narrow exception (§ 189, subd. (f)), Senate Bill No. 1437 eliminated murder convictions premised on any theory of imputed malice—that is, any theory by which a person can be convicted of murder for a killing committed by someone else, such as felony murder or the natural and probable consequences doctrine—unless the People also prove that the nonkiller defendant personally acted with the intent to kill or was a major participant who acted with reckless disregard to human life. (§§ 188, subd. (a)(3) & 189, subd. (e).)

Senate Bill No. 1437 also established a petitioning procedure (§ 1172.6) allowing defendants convicted of murder to seek resentencing relief if they could no longer be convicted because of the amendments to sections 188 and 189. (Stats. 2018, ch. 1015, § 4; *Lewis*, *supra*, 11 Cal.5th at pp. 957, 959, 971.) Effective January 1, 2022, Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551) amended section 1172.6 to "[c]larif[y] that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories." (Stats. 2021, ch. 551, § 1, subd. (a).)

4

To obtain relief, a defendant who pled guilty to manslaughter must first allege that an indictment was filed against him allowing the prosecution to proceed under a theory of either (1) murder under the felony murder rule, the natural and probable consequences doctrine, or any "other theory under which malice is imputed to a person based solely on that person's participation in a crime[;]" or (2) "attempted murder under the natural and probable consequences doctrine." (§ 1172.6, subd. (a)(1).) The defendant must then allege that he accepted a plea offer in lieu of a trial at which he could have been convicted of murder or attempted murder (§ 1172.6, subd. (a)(2)), and that he could not now be convicted "because of changes to Section 188 or 189 made effective January 1, 2019" (§ 1172.6, subd. (a)(3)).

Upon the filing of a properly pleaded petition for resentencing, the trial court must conduct a prima facie analysis to determine the defendant's eligibility for relief. (§ 1172.6, subds. (b)(3) & (c); *Lewis*, *supra*, 11 Cal.5th at pp. 957, 960; *People v. Strong* (2022) 13 Cal.5th 698, 708.) "[T]he prima facie inquiry . . . is limited . . . '"[T]he court takes [a] [defendant]'s factual allegations as true and makes a preliminary assessment regarding whether the [defendant] would be entitled to relief if his . . . factual allegations were proved."'" (*Lewis*, *supra*, at p. 971.)

"'If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition. [Citations.] If, instead, the defendant has made a prima facie showing of entitlement to relief, "the court shall issue an order to show cause"'" and set the matter for an evidentiary hearing. (*People v. Arellano* (2024) 16 Cal.5th 457, 469.)

III.     Standard of Review

We review de novo the trial court's denial of a section 1172.6 petition at the prima facie stage.  (*People v. Coley* (2022) 77 Cal.App.5th 539, 545.)

IV.     Analysis

Defendant argues that the trial court wrongly dismissed his section 1172.6 petition because, at the time he pled guilty to voluntary manslaughter, he still could have been prosecuted for attempted murder under a theory of imputed malice.

The People argue that defendant forfeited this argument by failing to object below.  We agree.  At the prima facie hearing, the trial court expressly asked defendant whether the timing of his plea affected his resentencing petition; defendant's trial counsel declined to offer any argument on this point.  "We will not upend the results of a proceeding based on a purported error defendant did not even attempt to correct below."  (*People v. Martinez* (2025) 108 Cal.App.5th 329, 337.)

Defendant's argument also fails on the merits.  When enacting Senate Bill No. 1437, "the Legislature's aim in the manslaughter context was to make relief available to defendants who were convicted . . . at a time when the prosecution could have pursued a murder charge, but the only way of doing so would have been a now invalid theory of imputed malice." (*People v. Lezama* (2024) 101 Cal.App.5th 583, 590 (*Lezama*).) Thus, to qualify for resentencing relief, a defendant must show that "at the time of conviction—i.e., the time the plea was entered—the only way to . . . conviction was through an imputed malice theory."  (*Ibid*.)  "As a matter of law, this cannot be true for a person, like defendant, who pled guilty to voluntary manslaughter at a time when imputed malice theories had

already been statutorily eliminated." (*Ibid.*) Accordingly, defendant is ineligible for resentencing as a matter of law.

In an effort to distinguish *Lezama, supra*, 101 Cal.App.5th 583, defendant argues that, unlike the petitioner in that case, he also "face[d] charges of attempted murder[.]" Defendant insists that because, at the time of defendant's conviction, "the law was unsettled as to the impact of Senate Bill No. 1437 on the offense of attempted murder . . . he [still] could have faced attempted murder liability under a now-invalid theory had he proceeded to trial in lieu of entering a plea to voluntary manslaughter." (*People v. Gallegos* (2024) 105 Cal.App.5th 434, 444 (*Gallegos*); see § 1172.6, subd. (a)(2) [to make a prima facie case for resentencing relief, a petitioner must show that he "was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder *or attempted murder*"], italics added.)

As explained by the *Gallegos* court, "this argument fails when section 1172.6, subdivision (a)(2) is read in the context of the statute as a whole."[3] (*Gallegos, supra*, 105 Cal.App.5th at p. 444.) The plain text of section 1172.6 focuses "on the individual conviction at issue . . . evidenc[ing] a statutory purpose to provide relief for specific convictions obtained under a now-invalid theory of liability, and not . . . [for] dismissed charges separate and apart from the conviction at issue." (*Ibid*; see, e.g., § 1172.6, subds. (a) [authorizing vacation of "the petitioner's murder, attempted murder, or manslaughter conviction" if

---

[3] Even though defendant's reply brief was filed over four months after *Gallegos* was published, he does not attempt to distinguish that case or argue that it does not apply to his appeal.

certain conditions are met], (d)(3) [following an evidentiary hearing, the trial court must vacate "the prior conviction" if the prosecution fails to meet its burden of proof].) Thus, when determining whether defendant has made a prima facie case for resentencing relief, we look to his voluntary manslaughter conviction rather than his dismissed attempted murder charges. (See, e.g., *People v. Avila* (2009) 46 Cal.4th 681, 705 ["'Manslaughter, an unlawful killing without malice, is a lesser included offense of *murder*'"], italics added.)

To the extent that section 1172.6 is ambiguous regarding the effect of dismissed charges on the validity of a resentencing petition, we agree with the *Gallegos* court's interpretation of its legislative history. That history shows that the Legislature "intended section 1172.6 to apply to those petitioners who entered a plea to manslaughter only if, at the time the plea was entered, the *only* way *to a charged murder conviction* was through an imputed malice theory eliminated by Senate Bill No. 1437." (*Gallegos*, *supra*, 105 Cal.App.5th at p. 445, italics in original; see, e.g., Stats. 2021, ch. 551, § 1, subd. (a) [Senate Bill No. 775 clarifies that persons "who were convicted of . . . manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories"]; Sen. Com. on Appropriations, Rep. on Sen. Bill No. 775 (2021-2022 Reg. Sess.) as amended Feb. 19, 2021, ["[t]his bill would allow a person . . . who was convicted of manslaughter when the prosecution was allowed to proceed on a theory of felony murder or murder under the natural and probable consequences doctrine to apply to have their sentence vacated and be resentenced"]; Sen. Com. on Public Safety, Rep. on Sen. Bill No. 775 (2021-2022 Reg. Sess.) as

8

amended Feb. 19, 2021, [recognizing that voluntary manslaughter "[is] often the subject of a plea bargain in murder cases in exchange for a dismissal of a murder charge"].)

This legislative history reinforces our conclusion that a defendant convicted of manslaughter is not eligible for resentencing unless the conviction could have been obtained via an imputed malice theory of murder. Neither the plain text nor legislative history of the statute indicates that defendant is eligible for relief because the prosecution still could have proceeded on an imputed malice theory on his attempted murder charges, which are ultimately unrelated to his conviction for voluntary manslaughter. Thus, defendant is ineligible for relief as a matter of law, and the trial court did not err in denying his petition. (See *Gallegos*, *supra*, 105 Cal.App.5th at p. 445.)

## DISPOSITION

The order denying defendant's section 1172.6 petition is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
ASHMANN-GERST

We concur:


_____, P. J.
LUI


_____, J.
CHAVEZ

9